**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5072-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WINSTON DURANT,

     Defendant-Appellant.

_____

Submitted October 9, 2018 – Decided  October 17, 2018

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 05-04-0858.

Joseph E. Krakora, Public Defender, attorney for appellant (John A. Albright, Designated Counsel; William P. Welaj, on the brief).

Dennis Calo, Acting Bergen County Prosecutor, attorney for respondent (Jenny X. Zhang, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a March 11, 2013 order denying his petition for post-conviction relief (PCR). Defendant maintains his counsel rendered ineffective assistance by failing to retain a handwriting expert and failing to object to leading questions at trial.

On appeal, defendant argues:

POINT I

THE [PCR] COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL LEVEL.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR [PCR].

B. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO RETAIN AND UTILIZE A HANDWRITING EXPERT AT THE MIRANDA HEARING.

C. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO OBJECT TO

2

A LEADING QUESTION POSED BY THE ASSISTANT PROSECUTOR TO AN IMPORTANT STATE'S WITNESS WHICH RESULTED IN THE ELICITATION OF TESTIMONY BENEFICIAL TO THE STATE AND DETRIMENTAL TO THE DEFENSE.

We conclude that defendant's arguments are unsupported and lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm and add the following brief comments.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." Ibid. For defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987).

The judge who denied defendant's motion to suppress did not do so based on his analysis of the signature on the Miranda form.[1] Rather, the motion judge did not believe defendant's testimony that he was unaware of his Miranda rights. Eight witnesses plus defendant testified at the Miranda hearing. In believing the officers instead of defendant, the judge stated

> I think what happened here is that [defendant] was questioned, he gave statements, . . . voluntarily, intelligently and knowingly. I think what has happened now [that] this case has started to crystallize [is] . . . defendant unfortunately . . . fabricated . . . his testimony . . . [and it] does not make sense.

Furthermore, by independently rejecting defendant's testimony that he was unfamiliar with his Miranda rights, the motion judge remarked that such an assertion is inconsistent with defendant's prior criminal history, involving guilty pleas to two other indictable offenses.

Defendant contends that his trial counsel rendered ineffective assistance by failing to object to leading questions. The victim testified that the perpetrator took money, a cell phone, and cigarettes. The Assistant Prosecutor (AP) then asked, "[w]hat about the change dispenser [that] you mentioned?" to which the victim testified "[o]h, I'm sorry, change dispenser." If that had failed the AP

---

[1]  Miranda v. Arizona, 384 U.S. 436 (1966).

A-5072-16T1

could have introduced the information by reading from the victim's statement under the past recollection recorded exception to the hearsay rule, N.J.R.E. 803(c)(5).

On this record, there is no credible evidence that the police forged defendant's signature on any form. Defendant simply made a bald unsupported assertion that counsel rendered ineffective assistance by not retaining a handwriting expert. And as to the leading questions, even if we assume defendant showed prong one under <u>Strickland</u>, defendant cannot demonstrate prong two. Therefore, there is no basis for an evidentiary hearing because defendant has not demonstrated he would have succeeded on the merits of his PCR petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5072-16T1